FERNÁNDEZ v. WILCOX.

SOLICITUD para que se dicte auto de Mandamus.

No. 4.—Resuelto en Noviembre 4. 1904.

ELECCIONES—JUNTAS DE REGISTRO.—No hay precepto alguno que de modo concreto precise el tiempo y la forma en que la Junta de Registro, constituida por los Jueces de Elección, ha de quedar definitivamente disuelta, por lo que debe entenderse que su existencia legal se extiende hasta el momento en que den comienzo las funciones de elección; ó sea hasta el día de las elecciones.

ID.—INSCRIPCIÓN DE ELECTORES.—Aunque la Ley fija el término para la inscripción de los electores, y el que expontánea y voluntariamente lo deja transcurrir sin ejercitar su derecho de inscripción no puede ejercerlo posteriormente, sin embargo, un ciudadano cuyo nombre haya sido ilegalmente borrado de las listas usadas en la última elección, puede pedir que se le vuelva á incluir aún después de transcurrido dicho término.

ID.—INSPECTOR GENERAL DE ELECCIÓN.—El Inspector General de Elección no tiene facultades para inscribir por sí mismo á los electores, siendo funciones exclusivamente propias de las Juntas de Registro.          . . . . . ..

MANDAMUS—CUANDO PROCEDE.—El auto de *mandamus* solo procede para obligar el cumplimiento de un acto que la ley particularmente ordene como un deber resultante del empleo, cargo ó función pública del demandado.

ID.—INSCRIPCIÓN DE ELECTORES.—El auto de *mandamus* no procede para obligar al Inspector General de Elección á que inscriba en las listas de electores el nombre de un ciudadano ilegalmente eliminado de tales listas.

Los hechos están expresados en la Opinión.

Abogado del demandante: *Sr. Dexter.*

Abogado del demandado: *Sr. Rossy, Fiscal.*

EL JUEZ ASOCIADO SR. FIGUERAS emitió la opinión del Tribunal.

En una solicitud presentada en 31 de Octubre anterior, debidamente jurada y suscrita por el abogado Don F. H. Dexter, en representación de Don Emilio Fernández Mascaró, expone éste los siguientes hechos:

Que ha vivido más de diez años en esta ciudad de San Juan, en las casas números 43 de la calle de la Fortaleza y 20 de la calle de San Justo.

Que ambas casas están comprendidas en el precinto electoral número 6, de esta Capital, que es el mismo en que se inscribió y votó en las últimas elecciones génerales que se verificaron en el año de 1902:

Que esto, no obstante, su nombre ha sido injusta é impropiamente borrado de la lista de electores con derecho á votar en el referido precinto No. 6:

Que se enteró de tal omisión dentro de los últimos tres días y desde la publicación de la lista de electores revisada, tal y como lo ha sido por la Junta de Registro, y cuya lista se publicó después de terminadas las sesiones de dicha Junta, celebradas en los días ocho y diez y ocho de Octubre último:

Que dicha Junta de Registro, como tal, ha terminado sus trabajos y por consiguiente ha quedado definitivamente disuelta:

Que ántes de presentar su solicitud ante esta Corte Suprema requirió al Inspector General de Elecciones para que consignara el nombre del peticionario en la referida lista, á cuyo fín le presentó una declaración jurada, que se acompaña, comprensiva de todas las condiciones indispensables para ser inscrito, pero que dicho funcionario se negó á su demanda.

Después de relatar esos hechos cita en apoyo de su propósito los artículos 231, 240 y 300 de los Estatutos Revisados, modificados por la Ley de 10 de Marzo del año corriente y partiendo del supuesto de la extinción de la Junta de Registro, ante la cuál, por tal razón, no puede acudir, afirma que quién únicamente tiene hoy la potestad de inscribirlo ó ha-

cerle inscribir, es el Inspector General de Elecciones, y por tal razón contra él dirije esta acción y pide que, después de sustanciarse el auto de *Mandamus* condicional ,se dicte uno perentorio ordenándose á dicho Inspector General que inmediatamente inscriba ó haga que se vuelva á poner sin demora alguna el nombre del exponente en la lista de inscripción.

El demandado contestó que no tiene la facultad de cumplir lo solicitado por no estar el acto que entraña en las atribuciones que la ley le confiere, porque las listas originales están en poder de los Jueces de Precintos, que son los encargados de su custodia, y porque aunque su autoridad es superior á la de aquéllos, no tiene medios coercitivos para obligar á que se cumplan sus instrucciones.

El Fiscal impugnó la solicitud del auto de *Mandamus* por los fundamentos que oralmente expuso en el acto de la vista.

Ahora vamos á considerar y resolver las cuestiones por el orden en que han sido planteadas.

Es un hecho innegable que la Junta de Registro está compuesta de los Jueces de Elección, según la Sección 1ª. y artículo 296 de los Estatutos Revisados, y no hay nada en la ley que de modo concreto precise el tiempo y la forma en que, como tal Junta de Registro, ha de quedar definitivamente disuelta, y entonces debe entenderse que tal Junta de Registro existe hasta que comienzan las funciones de elección, que es el Mártes día ocho del mes de Noviembre próximo. No quiere decirse con esto que en cualquier día hasta dicha fecha pueda inscribir á los que tal derecho soliciten ,porque esa facultad está expresamente limitada por la ley á épocas fijas y el que expontánea y voluntariamente deje transcurrir las épocas que la ley le concede para ejercitar el derecho personal de la inscripción y el voto, ese no tiene acción para recuperar lo que perdió.

Pero en este caso concreto en que se trata de un ciudadano de Puerto Rico á quién borraron en el Precinto número 6 de la lista usada en la última elección anterior, tal ciudadano,

si hubiera acudido llenando los requisitos de la ley, pudo poner en movimiento las funciónès de la Junta de Registro.

Bajo el punto de vista en que se coloca el peticionario hay una verdadera inconsecuencia, porque en uno de los términos de la disyuntiva de la súplica de su demanda se pide que se ordene al Inspector General de Elecciones que haga que se vuelva á poner el nombre del peticionario en la lista de inscripción y sí la Junta de Registro está definitivamente disuelta, como se afirma, es claro que el dicho Inspector General no tiene poder para resucitar un cadáver.

Mas en el otro término de la disyuntiva también se aspira á que dicho funcionario inscriba por sí mismo el nombre de Don Emilio Fernández Mascaró, puesto que, según se dice, tiene aquél para ello atribuciones otorgadas por la ley.

Véamos cuales son las facultades de ese Inspector General

La sección 11 y artículo 240 de los Estatutos Revisados, confiere al Inspector General de la Elección, nombrado por el Consejo Ejecutivo, facultades propias y facultades delegadas, siendo las primeras la de inspeccionar la marcha de las elecciones, el nombramiento de agentes de inscripción, de Jueces y Secretarios de Elección y él cómputo y escrutinio que hagan de los votos resultantes, dichos Jueces, después de las elecciones, y para ejecutar todo eso sólo tiene autoridad dicho funcionario y con ese fín es por la ley superior su autoridad.

Las facultades delegadas del Inspector son aquéllas que le confiere expresamente el Consejo ó Comisión de Elecciones para realizar actos referentes á las mismas.

Es lo cierto que en dicha ley se dice que el Inspector General tiene el poder para ejecutar todo, pero esa misma potestad está limitada á todo cuanto por la ley se le atribuye y ya hemos visto que no se le ha concedido la facultad que hoy se le supone ó sea la de inscribir por sí al peticionario.

Hay otras consideraciones que también se oponen á lo solicitado.

·El Inspector General de la Elección, caso de poder realizar por sí mismo la inscripción, tendrá que hacerla en la lista original, pero como ésta debe conservarse cuidadosamente por los Jueces de Elección, como así lo dispone la Sección 6ª. y artícuo 301 de los Estatutos Revisados, modificados por la Ley de 10 de Marzo último, es de absoluta imposibilidad la realización de lo que se pretende, y ya por esa razón, ya porque la inscripción que se solicita es acto privativo y originario de la Junta de Registro, según la sección 1ª., artículo 296 de los Estatutos Revisados, modificados por la Ley de 10 de Marzo último, no es posible acceder á la pretensión. No puede tampoco este Tribunal mandar al Inspector que haga inscribir el nombre del peticionario, porque esta facultad no es de su deber ministerial, sino que, como se ha dicho, está reservada á la Junta del Registro.

Ahora bien, el auto de *Mandamus* es altamente privilegiado y sólo puede dirigirse contra quién está obligado al cumplimiento de un acto que la ley particularmente ordene como un deber resultante de su empleo, cargo ó función pública.    Sección 2ª. de la ley estableciéndolo, de 12 de Marzo de 1903.

El Inspector General de la Elección, que es hoy el demandado, no está en ese caso y no hay, por tanto, términos hábiles para ordenarle que realice un acto á que la ley no le obliga.

Somos, por consiguiente, de parecer, que se desestime la solicitud de Don Emilio Fernández Mascaró.

*Desestimada.*

Jueces concurrentes: Sres. Presidente, Quiñones, y Asociados Hernández, MacLeary y Wolf.